NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DARYEL WILLIAMS, | Civil No. 17-6509 (RBK/KMW) |
| Plaintiff, | **Opinion** |
| v. | |
| NAVIENT SOLUTIONS, LLC, | |
| Defendant. | |

**KUGLER**, United States District Judge:

Upon Defendant's removal of the above-captioned action, this Court, as it must when there is doubt about the existence of subject-matter jurisdiction, *sua sponte* raised the issue of its removal jurisdiction over the matter. For the reasons that follow, the Court finds it lacks jurisdiction and remands the action to the Superior Court of New Jersey, Law Division.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On July 25, 2017, Plaintiff Daryel Williams, proceeding *pro se*, filed a Small Claims Complaint in the Camden County Superior Court of New Jersey, Law Division against Navient Solutions, LLC, demanding $2089.35 and costs. The entirety of the complaint is as follows:

> I have notified all 3 credit bureaus, in addition to Navient, in order to correct the information that Navient is reporting. In a written letter, I asked Navient to retract the negative reporting on my accounts . . . due to the fact that my loans were in forbearance or deferment at the time, and were related back to the dates of the reported lateness. This is really affecting my credit history and financial status and I ask that the information be updated and corrected immediately, or I demand the interest that has been accrued on these loans.

After being served on August 4, Defendant Navient Solutions, LLC timely removed the action under 28 U.S.C. § 1441. Navient argues this matter lies within the Court's jurisdiction under 28

U.S.C. § 1331 because the claim would necessarily arise under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and that this provides federal-question jurisdiction over this controversy. It does not.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. In all cases, however, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1995) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)). Generally, where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. *See Abels*, 770 F.2d at 29 ("Because the lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.").

Removal jurisdiction is appropriate in federal-question cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It has been long settled that removal on this basis is generally subject to the well-pleaded complaint rule, which requires that the federal question justifying a federal court's jurisdiction appear on the face of the complaint. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908). A complaint without a federal question presented on its face is beyond the power of a federal court to adjudicate, and a defendant may not circumvent this requirement by asserting a federal defense, such as preemption, to the complaint. "[I]t is now settled that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)

2

(emphasis in original). Only in relatively rare circumstances, where "the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," does preemption warrant federal question jurisdiction on removal. *Id.* at 393 (quotations omitted). This doctrine, "complete preemption," has provided the basis for federal-question removal under a number of statutory schemes. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1 (2003) (National Bank Act, 12 U.S.C. § 85), *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (Employment Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*), *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557 (1968) (Labor Management Relations Act, 29 U.S.C. § 185). For Defendant to remove properly, it bears the burden of showing the FCRA not only preempts, but *completely* preempts any and all state law claims relating to the FCRA.

The scope of FCRA preemption remains disputed. 15 U.S.C. § 1681t(b)(1)(F), states: "No requirement or prohibition may be imposed under the laws of any State—(1) with respect to any subject matter regulated under—... (F) section 1681 s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies..." Section 1681 s–2, in turn, provides: "A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." Although Defendant is correct that this language is broadly preemptive, other parts of the FCRA are less expansive. Section 1681h(e) provides that defamation, invasion of privacy, or negligence claims, while ordinarily preempted by the FCRA, can be brought if "false information [is] furnished with malice or willful intent." While § 1681t(b)(1)(F), a 1996 amendment to the FCRA, is in some conflict with § 1681h of the FCRA, the scope of § 1681t's preemption has not been resolved by the Third Circuit. *Compare Manno v.*

3

*Am. Gen. Fin. Co.*, 439 F. Supp. 2d 418, 424, 430 (E.D. Pa. 2006) (§ 1681t preempts only state statutory claims, but not common-law claims) *with Grossman v. Trans Union, LLC*, 992 F. Supp. 2d 495, 499 (E.D. Pa. 2014) (§ 1681t preempts both statutory and common-law claims); *Burrell v. DFS Servs., LLC*, 753 F. Supp. 438, 448-51 (D.N.J. Dec. 2010) (same). *See also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir.2009) (finding no conflict preemption and that "defamation claims can proceed against [furnishers] as long as the plaintiff alleges falsity and malice"), *cert. denied*, *FIA Card Servs., N.A. v. Gorman*, 562 U.S. 828, 131 S. Ct. 71, 178 L. Ed. 2d 23 (2010); *Meisel v. USA Shade & Fabric Structures Inc.*, 795 F. Supp. 2d 481, 491 (N.D. Tex. 2011) ("There simply is no indication that section 1681t(b)(1)(F) was intended to repeal section 1681h(e) and completely preempt all state law claims.").

In any case this Court need not decide this question today, for two reasons. First, Plaintiff's claim of $2089.35 simply does not state any statutory or common-law claim *at all* and may end up sounding in areas of state law other than those covered by the FCRA. Second, the question of whether the FCRA is preemptive of state law claims as an affirmative defense is a question distinct from whether it is completely preemptive of state law and thus sufficient to justify removal despite the absence of a federal question on the face of the complaint. Defendant has not proved the FCRA is a statutory scheme of complete preemption, and is instead removing based off an anticipated affirmative defense which is itself subject to disagreement among district courts of this Circuit. That he cannot do, and ultimately, the burden lies with the Defendant to show this Court is competent to hear this case. If there is doubt of jurisdiction, as there is here, it resolves for remand. *See Abels*, 770 F.2d at 29; *Pitts v. Bank of Am. Corp.*, 2010 WL 5441678, at *2 (W.D. Pa. Dec. 28, 2010) (remanding action removed under FCRA preemption because of doubted federal-question jurisdiction).

4

If the FCRA is a viable defense to this action, that is a matter the Superior Court of New Jersey, Law Division is competent to adjudicate. But neither the FCRA nor any other federal question is on the face of Plaintiff's complaint, and as such, the case does not satisfy this Court's original, and thus removal, jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the Court directs the clerk to **REMAND** this case to the Superior Court of New Jersey, Law Division. An appropriate order will follow.


Dated:  08/31/2017    s/ Robert B. Kugler

ROBERT B. KUGLER

United State District Judge